# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DELVIN WARD,<br><br>Defendant. | 2:08-cr-00283-RCJ-PAL-1<br><br>**ORDER** |

In 2008, a grand jury indicted Defendant Delvin Ward and nine of his cohorts with engaging in a criminal racketeering enterprise of which Defendant was a leader. (*See* Indictment 2–9, ECF No. 1). Defendant was also charged with engaging in a drug conspiracy and several counts of possession with intent to distribute. (*Id.* 13–14, 17, 19). Although Defendant wasn't charged with any underlying violent crimes, the conspiracy resulted in two murders involving firearms, (*see id.* 9–12), and Defendant was alleged to have participated at least indirectly in the murders via his leadership role in the enterprise, (*see id.* 4).

Defendant pled guilty to the racketeering charge in 2010, and the Court sentenced him to 132 months imprisonment. (*See* J., 2–3, ECF No. 401). In 2011, Defendant asked the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S. Sentencing

Guidelines (the "Guidelines"). (*See* Mot., ECF No. 550). The Court denied the motion on May 6, 2013, stating:

> The Court in its discretion denies Ward's motion. The policy behind Amendment 750 is the elimination of the discrepancy between crack and powder cocaine sentences. That concern is at its apex where the crime consists of mere possession. The concern is at its nadir here, where Defendant's crime was not mere possession of the substance, but participation in a conspiracy to not only possess and distribute the substance (and potentially powder cocaine and other illegal substances, as well), but also to commit violent crimes in furtherance of the conspiracy. The gravamen of Defendant's crime was not the possession of the substance, but participation in an ongoing, violent criminal organization.

(Order 3–4, ECF No. 891). Defendant filed two more motions requesting reductions in his sentence under various amendments to the Guidelines. First, he asked the Court to reduce his sentence under Amendments 706 and 750. Second, he asked the Court to reduce his sentence based on Amendment 782. The Court denied the motions and vacated a March 11, 2013 order approving a stipulated reduction in sentence that had been entered in error. Defendant has asked the Court to reconsider. The Court declines to reconsider.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 1078) is DENIED.

IT IS SO ORDERED.

Dated this 27th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge